IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  20-CR-30088-NJR |
| | ) | |
| ANTHONY D. PARRISH, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S TRIAL MEMORANDUM

The United States of America, by its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Laura V. Reppert, Assistant United States Attorney, provides the Court with the Government's Trial Memorandum. The defendant, Anthony D. Parrish, is charged in a one count indictment with Attempted Enticement of a Minor, in violation of 18 U.S.C. §2422(b).  Trial in this matter is scheduled to begin on March 1, 2022.

### I. Summary of Anticipated Facts and Government Exhibits

On June 24, 2020, FBI Special Agent Brian Wainscott posted an advertisement on Craigslist.  The advertisement was in the "Missed Connections" section of Craigslist which typically comprises what are colloquially known as "personal" ads, seeking sexual liaisons.  The advertisement stated:

"Title: Lets talk

Looking for a real connections who like to share experiences"

The Government intends to introduce a screenshot copy of this advertisement as an exhibit at trial. It is relevant because Parrish responded to it and because it demonstrates how this case began.  It is non-hearsay because the government is not offering the statement for its truth.

Three days later, on Saturday June 27, 2020, the defendant Anthony D. Parrish began responding to that advertisement through a series of Craigslist internal email messages. In the

1

ensuing correspondence, SA Wainscott pretended to be a 15-year old girl named "Halle." The government will seek to admit those various responses as an exhibit at trial. This exhibit is admissible as Parrish's admission under Fed. R. Evid. 801. The foundation for this exhibit containing Parrish's statements are his later admissions where he admitted making them. Further, the Government will also offer evidence that the Craigslist emails between Parrish and SA Wainscott were found during an examination of Parrish's phone. To the extent this exhibit also contains statements of SA Wainscott, posing as "Halle," those portions are admissible because they are not being offered for their truth but to provide context for Parrish's admissions. *See United States v. Davis*, 890 F.2d 1373 (7th Cir. 1989); *United States v. Zizzo,* 120 F.3d 1338 (7th Cir. 1997); *United States v. Norton*, 893 F.3d 464 (7th Cir. 2018).

After admitting this Craigslist communications, the Government will then seek to introduce a chronological compilation of the communications. That exhibit is admissible because it is relevant, there is an adequate foundation for the exhibit, and it will aid the jury's understanding of the disparate data contained in the Craigslist advertisement and the Craigslist communications. The compilation exhibit will provide as follows:

COMPILED ADVERTISEMENT AND EMAIL EXCHANGES
IN CHRONOLOGICAL ORDER

# WEDNESDAY

**Date/Time**

Craiglist.org Advertisement: Title: Lets talk          06/24/20 @ 10:56 am

Looking for a real connections who like to share experiences…

# SATURDAY

**Date/Time**

Defendant Parrish: Hey I'm Anthony. Is this a man or a woman?          06/27/20 @ 6:30am





"Halle:"  Lady looking for a fun discreet time                                            06/27/20 @ 9:55am


Defendant Parrish: Great. I am most definitely fun and discreet.              06/27/20 @ 10:05pm



3

[PHOTO OF MALE GENITALIA]

I am 33, single, 6'3, 190lb, light-skinned black, well-hung with an athletic body. I have my own apartment in Bellville and have a car.

"Halle:" OMG ur hot!!!                                                                 06/27/20 @ 10:09am





| | | |
|---|---|---|
| Defendant Parrish: | | 06/27/20 @ 10:14am |
| | Ty!:). I can definitely same the same about yourself Darling [emoji] So, what should I call you? I understand your discretion if you wish to not tell me your name. | |
| "Halle:" | Its Halle | 06/27/20 @ 10:18am |
| Defendant Parrish: | Very nice to meet you Halle. So, what are your plans for today? | 06/27/20 @ 10:24am |
| "Halle:" | I'm busy for a bit but can meet later if u want | 06/27/20 @ 10:29am |
| Defendant Parrish: | Oic. That's all good with me. Can you host or do you want me to? | 06/27/20 @ 10:31am |
| "Halle:" | I can I'll hit u up later | 06/27/20 @ 10:39am |
| Defendant Parrish: | Alright. I will be around when you hmu | 06/27/20 @ 10:42am |
| "Halle:" | Hey | 06/27/20 @ 4:515pm |
| Defendant Parrish: | Hey. What's up? | 06/27/20 @ 4:16pm |

4

| | | |
|---|---|---|
| "Halle:" | Nothin wats up with u? | 06/27/20 @ 4:17pm |
| Defendant Parrish: | Ok.  Just chilling..horny? You are free now? | 06/27/20 @ 4:19pm |
| "Halle:" | Yeah whats ur favorite move? | 06/27/20 @ 4:21pm |
| Defendant Parrish: | I like being rode.  But, if I am the one doing the action, definitely missionary.  How about you? | 06/27/20 @ 4:23pm |
| "Halle:" | I like to ride and also like doggie | 06/27/20 @ 4:36pm |
| Defendant Parrish: | Looking at your tight little body, I bet you know how to ride good:) I definitely like doggystyle too. | 06/27/20 @ 4:38pm |
| "Halle:" | Love it if your good | 06/27/20 @ 4:43pm |
| Defendant Parrish: | Well, there's only one way for you to find out. Do you have a lot of time on your hands tonight? I would love to visit you soon here. | 06/27/20 @ 4:46pm |
| "Halle:" | Yeah, I'm 15 cool, don't hate me? | 06/27/20 @ 4:54pm |
| Defendant Parrish: | Really? No, I don't hate you for telling me that. I just appreciate you letting me know now.  Don't worry, I still want to talk to you.  Do you live with your parents? | 06/27/20 @ 4:57pm |
| "Halle:" | I do but there in Nashville until tomorrow | 06/27/20 @ 5:04pm |
| Defendant Parrish: | Ook.  Nashville, IL? | 06/27/20 @ 5:06pm |
| "Halle:" | No Tennessee silly | 06/27/20 @ 5:11pm |
| Defendant Parrish: | [emoji] That was going to be my first guess lol.  Well, I think it is only right to tell you my age, since you were brave enough to tell me yours.  I just turned 33 last month, hate me? I hope you still want to talk to me? | 06/27/20 @ 5:14pm |
| "Halle:" | I have been with a older guy before. U probably Have experience and no BS? | 06/27/20 @ 5:16pm |
| Defendant Parrish: | Ok cool then.  Yes Halle, I most certainly do. Are you looking to gain more experience sexually? | 06/27/20 @ 5:20pm |

5

| | | |
|---|---|---|
| "Halle:" | Yes u lookin 2 teach? | 06/27/20 @ 5:23pm |
| Defendant Parrish: | I see..yes. I can teach you a lot babe. You just have to promise me you will not tell anyone about me. I'm sure you understand | 06/27/20 @ 5:26pm |
| "Halle:" | NO way I would never. This is my choice | 06/27/20 @ 5:27pm |
| Defendant Parrish: | Good. I respect that you are a woman who knows what she wants. Do you have a boyfriend? | 06/27/20 @ 5:29pm |
| "Halle:" | I don't too many fake boys out there | 06/27/20 @ 5:30pm |
| Defendant Parrish: | Good. Big facts. So, you are home alone rn? Any nosey neighbors? | 06/27/20 @ 5:38pm |
| "Halle:" | I am home alone and old neighbors who don't pay attention | 06/27/20 @ 5:42pm |
| Defendant Parrish: | Ok [emoji] So, I wanted to freshen up a little bit. Are you all freshened up & dressed? | 06/27/20 @ 5:46pm |
| "Halle:" | I will, u want to come over? Show me some moves? lol | 06/27/20 @ 5:47pm |
| Defendant Parrish: | Yaaasss! U should my dear. I definitely want to start our first lesson lol[emoji] What city do you live in? | 06/27/20 @ 5:51pm |
| "Halle:" | kk, collinsville, il how far r u | 06/27/27 @ 5:52pm |
| Defendant Parrish: | Ok. I live in Bellville, almost Swansea. So, I am about 23 minutes away. I know how to get to Collinsville. But, I will then have you email me your address, whenever you are done getting ready, ok? | 06/27/20 @ 5:57pm |
| "Halle:" | kk | 06/27/20 @ 5:57pm |
| "Halle:" | Im almost done u | 06/27/20 @ 6:25pm |
| Defendant Parrish: | Good. Yes. Please send me your address, so I can GPS the directions. | 06/27/20 @ 6:29pm |
| "Halle:" | 415 n morrison ave, cville | 06/27/20 @ 6:30pm |
| "Halle:" | putting on make up let me know when ur close | 06/27/20 @ 6:31pm |

6

| Defendant Parrish: | Ok, I will. I'm walking out the door in less than 5 min. It will take me 24 minutes to get there. | 06/27/20 @ 6:33pm |
| --- | --- | --- |
| "Halle:" | kk | 06/27/20 @ 6:34pm |
| Defendant Parrish: | I'm 10 minutes away. | 06/27/20 @ 6:54pm |
| "Halle:" | kk | 06/27/20 @ 6:56pm |
| Defendant Parrish: | I will be in a black 2018 Ford Fusion. I am just going to walk up to the door and knock. Just be looking out for me in 4 min. | 06/27/20 @ 7:01pm |
| "Halle:" | kk | 06/27/20 @ 7:02pm |

After he sent the above messages, the Government will present evidence that FBI Agents arrested Parrish after he arrived at the address provided by "Halle." That address was, in fact, an undercover house where agents were waiting to make the arrest. Parrish had sexual lubricant with him at the time of his arrest.

At trial, the government also intends to elicit admissions that Parrish made during his post-arrest interview. The government may introduce these admissions either by seeking admission of portions of the taped interview or through testimony of an agent who conducted the interview. The inculpatory portions of that interview are admissible for the Government under Fed. R. Evid. 801. During that interview, Parrish admitted that he was the one who had been chatting with "Halle" and that he was aware she was a minor. The inculpatory portions of Parrish's statement are admissible for the government because they are admissions of a party opponent under Fed. R. Evid. 801.

Currently, the Government intends to introduce Parrish's admissions via a redacted copy of his audio recorded statement. The proposed redactions to Parrish's audio recorded statement include discussions of the following: Parrish's employment; barbecue; Parrish's prior, unrelated arrest for Driving Under the Influence of Alcohol; Parrish's prior, unrelated arrest for Possession of Marijuana; Parrish's lack of criminal history, Parrish's educational background; questions and

answers regarding whether agents would locate drugs in his car; and Parrish's questions regarding what charges he would be facing. The proposed redactions also include exculpatory statements made by Parrish, including that he "feels this is entrapment. I don't know anything, and I haven't agreed to do anything with this so called person."

On January 10, 2022, the Government sent a list of proposed redactions to counsel for Defendant requesting whether any objections might be lodged to the proposed redactions. The Government will submit as an attachment to this Memorandum a transcript of Parrish's statements with the proposed redactions highlighted. *See* Attachment 1 – Transcript of Audio Recorded Statement with Highlighted Proposed Redactions. On February 2, 2022, counsel for Defendant indicated that he intends to object to any redactions proposed by the Government. When asked the basis for the objection, counsel for Defendant indicated the 'rule of completeness' as a potential basis for an objection.

Federal Rule of Evidence 106 states, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." The Advisory Committee Notes state that Rule 106 is "an expression of the rule of completeness" and that one of the considerations for the rule is "the misleading impression created by taking matters out of context."

Federal Rule of Evidence 402 states that "Irrelevant evidence is not admissible." The standard for relevance is contained in Federal Rule of Evidence 401, which states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

As noted above, an inculpatory statement made by a defendant – when offered by the government – is admissible as admissions of a party opponent. Fed. R. Evid. 801(d)(2). By contrast, exculpatory statements made by a defendant are intended to prove the truth of the matter

8

asserted, and accordingly are inadmissible hearsay. Fed. R. Evid. 801 and 802; *see also United States v. Davenport*, 929 F.2d 1169, 1175 (7th Cir. 1991) ("it is true that the [defendants'] statements, to the extent exculpatory, would not have been admissible at their trial; they would have been hearsay statements not coming within any of the exceptions to the hearsay rule."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (Non-self-inculpatory statements are inadmissible hearsay.").

Statements regarding Parrish's employment, prior arrests for DUI and possession of marijuana, barbecue, Parrish's educational background, and other off-topic statements do not have any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401, 402. These statements are not needed to put Parrish's admissions into context or that "in fairness ought to be considered at the same time." Fed. R. Evid. 106. Additionally, any exculpatory statements made by Parrish during his interview are inadmissible hearsay and likewise are not necessary to put Parrish's admissions into context. To the extent that Parrish may try to object under Fed. R. Evid. 106, that objection would be meritless. To effectively prepare for trial, and because making redactions to a statement takes considerable time, the Government respectfully requests a ruling in advance of trial on its proposed redactions.

## II. Legal Issues

### A. Elements of the Charged Offense

Parrish is charged with attempting to commit the offense of enticement of a minor in violation of 18 U.S.C. §2422(b). Any "attempted" offense requires the government to prove that a defendant took a substantial step toward the completion of the completed offense. *See* 7th Cir. Pattern Criminal Jury Instruction 4.09 (2020). Thus, the offense of attempted enticement of a minor requires the government to prove that the defendant:

(1) used a facility or means of interstate commerce to knowingly attempt to persuade, induce, entice or coerce an individual to engage in sexual activity;

9

(2) the defendant believed that the individual was less than 18 years of age;

(3) if the suggested sexual activity had occurred, the defendant would have committed the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law; and

(4) the defendant took a substantial step toward committing the crime of attempted enticement of a minor.

### B. Recurring Legal Issues in Enticement Cases

There are recurring legal issues that arise in enticement cases. Under Seventh Circuit precedent, the proper analysis of those legal issues renders many areas of evidence and facts irrelevant. Depending on the specific evidence and arguments presented in a particular case, those legal issues may not be adequately addressed in the Seventh Circuit's Criminal Pattern Jury instructions.

### 1. The Government's Theory of its Case and Applicable Law

The offense Parrish is charged with attempting to commit criminalizes enticing a minor to engage in sexual activity. It is important to recognize that the gravamen of the offense ***is the persuasion and obtaining of a minor's agreement to engage in sexual activity*** and not any actual intent to engage in sexual activity. *United States v. Berg*, 640 F.3d 239, 246, 251-253 (7th Cir. 2011). ("Because Berg was charged with a § 2422(b) attempt, the government's burden was to prove beyond a reasonable doubt that he intended to persuade, induce, or entice someone whom he believed was a minor to engage in sexual activity—not that he intended to engage in sexual activity"); *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010) ("[w]ith regard to conduct, the government must prove that the defendant took a substantial step toward causing assent, not toward causing actual sexual contact"); *accord United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2007). Furthermore, impossibility is not a defense to attempted violations of the enticement statutes and the fact that the individual whose assent the defendant obtained was a government agent pretending to be a minor is no defense to an attempted enticement charge. *See Calilap v. Gonzales*,

10

137 F. App'x 912, 916 (7th Cir. 2005), citing with approval, *United States v. Farner*, 251 F.3d 510, 5123 (5th Cir. 2001) (impossibility because "minor" was really adult federal agent posing as a minor on the internet did not relieve defendant of criminal liability). *See also United States v. Nagel*, 559 F.3d 756, 764 (7th Cir. 2009) ("The type of crime defendant pled guilty to (attempted enticement of a minor to engage in sexual activity) does not require an actual minor victim but, rather, only that the defendant believed the victim was a minor."); *United States v. Mannava*, 656 F.3d 412, 416 (7th Cir. 2009) ("But whether one is actually dealing with a child or an adult is irrelevant to attempt, given that impossibility is not a defense to the attempt."); *United States v. Cote'*, 504 F.3d 682, 687 (7th Cir. 2007) ("[F]actual impossibility or mistake of is not a defense to an attempt charge").

Thus, in order to meet its burden in this case, the government must prove that Parrish intended to persuade a person he believed to be a minor ***to assent or agree to engage in the criminal offense of Aggravated Criminal Sexual Abuse*** under Illinois law, *Berg,* 640 F.3d at 246. The government is *not* required to prove that Parrish intended to actually engage in illegal sexual activity with that person. Thus, § 2422(b) "criminalizes an intentional attempt to achieve a *mental* state—a minor's assent—regardless of the accused's intentions vis-à-vis the actual consummation of sexual activities with the minor." *Id.* at 252. Simply put, the statute targets the sexual grooming of minors as well as the actual sexual exploitation of them. *Id.* The statute's focus is on the intended effect on the minor rather than a defendant's intent to engage in actual sexual activity. *Id.* Here, once Parrish knowingly sought and obtained the assent of the purported minor "Halle" to engage in sexual activity, his offense would be complete if he took a "substantial step" after obtaining that assent. The law in the Seventh Circuit is that "making arrangements for meeting the girl, as by agreeing on a time and place for the meeting surely" constitutes a substantial step. *Id.* at 250, citing *United States v. Gladish,* 536 F.3d 646, 649 (7th Cir. 2008). Here, Parrish attempted to persuade and induce the purportedly 15-year-old "Halle" to agree to sex with him at many junctures during his communications with her.

Presumably, enticement statutes such as those charged in the indictment make criminal the mere act of procuring the agreement of a minor, rather than the completed act of sex with a minor, because Congress does not want an adult to be able to obtain the agreement of a minor to have sexual relations and then leave it up to the adult as to whether the sex act occurs or not. The enticement laws also criminalize grooming-type activities according to *Berg* and it is certainly rational for Congress to prohibit that activity before it progresses to completed sexual abuse. Furthermore, there are separate Federal laws that criminalize one who acts upon an actual intent to engage in sexual activity with a minor or attempts to do so. *See, e.g.,* 18 U.S.C. § 2423. Hence it is Parrish's act of procuring the agreement of the purported minor, (along with taking a substantial step toward acquiring the agreement) that is the criminal act in this case.

In light of the foregoing caselaw regarding the intent required to establish a violation of enticement statutes, the government will propose a jury instruction that substantially states as follows:

> In proving the requirement that the defendant knowingly attempted to entice, induce, persuade or encourage an individual to engage in sexual activity, the government must prove beyond a reasonable doubt that the defendant intended to persuade, induce, entice or encourage a person he believed to be a minor to agree to engage in sexual activity, as that term is defined in these instructions. The government is not required to prove that the defendant actually intended to engage in sexual activity with that person.

This instruction is consistent with existing caselaw and also honors the admonition in the Committee notes to the Seventh Circuit Criminal Pattern Jury Instructions that "the trial judge should give instructions that define the precise mental state required by the particular offense charged." *See* 7th Cir. Crim. Instruction 4.12 at *Committee Comment.*

Similarly, in proving the requirement that Parrish took a substantial step toward committing the offense of enticement of a minor with the intent to commit the offense, the government must

only prove that Parrish took a substantial step ***toward causing assent or agreement from the purported minor,*** not toward causing actual sexual contact. *Lee*, 603 F.3d at 914; *Goetzke*, 494 F.3d at 1236 (9th Cir. 2007); s*ee also Berg*, 640 F.3d at 246, 251-253. ("Because Berg was charged with a § 2422(b) attempt, the government's burden was to prove beyond a reasonable doubt that he intended to persuade, induce, or entice someone whom he believed was a minor to engage in sexual activity—not that he intended to engage in sexual activity").

**2. Consent of the "Child"**

Parrish may attempt to argue that the consent or willingness of Agent Wainscott, posing as the minor "Halle," negates his criminal culpability.

However, a purported minor's consent is not a defense to the charged offense. In fact, it is the very act of obtaining that assent or agreement that is the gravamen of the offense. *Berg*, 640 F.3d at 246, 251-253. A purported minor's willingness to engage in sexual activity is irrelevant because, by law, any minor is legally unable to consent to sexual activity. *See United States v. Dhingra*, 371 F.3d 557, 567 (7th Cir. 2004) ) ("The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation."); *see also United States v. Brooks*, 610 F.3d 1186, 1199 (7th Cir. 2010); *United States v. Douglas*, 415 F. App'x 271, 274 (2d Cir. 2011) ("The inquiry therefore is whether Douglas attempted to gain the consent or willingness of a minor to engage in criminal sexual activity, not whether he attempted to have sex with a minor."); *United States v. Dye*, 2010 WL 4146187, *3 n.3 (3d Cir. 2010) ("Dye's 'hot to trot' defense is especially troubling because its underlying premise is that it is possible for a 14-year-old child to seduce a 36-year-old man, absolving the man of criminal liability for engaging in, or attempting to talk the minor into engaging in, illicit sexual activity. Dye cites no case law, however, to support the notion that minors-who are, by law, unable to even consent to sexual activity, can 'ask for it' in such a

13

way that it becomes legally permissible for adults to entice minors into sexual escapades.') (citing *United States v. Remoi*, 404 F.3d 789, 795 (3rd Cir. 2005)).

Under Federal Rule of Evidence 401 evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; *and the fact is of consequence in determining the action*." Fed. R. Evid. 401 (emphasis added). Because the minor's consent is not a defense to the charged offense, it is not a fact of consequence in determining the action. Therefore, any argument regarding purported consent is improper.

### 3. Jury Instructions

The government intends to submit proposed instructions to the Court, asking it to apprise the jury of the above legal principles supporting its case-theory. The government notes that the Seventh Circuit Pattern Jury Instructions do not provide any meaningful guidance regarding the several different factual and legal permutations that arise in enticement cases. In fact, the pattern instructions for the offense at 18 U.S.C. §2422(b) contain only an instruction regarding the elements for the offense and nothing else. *See* 7th Circuit Criminal Pattern Jury Instructions at 870-71. The Committee Comments to the elements instruction for §2422(b) offenses recognize the existence of the *Berg* opinion and its definition of the intent required to prove the offense. The Comments also recognize elsewhere that further instructions beyond the bare elements instruction will often be necessary. *Id.* It is well-settled in the Seventh Circuit that trial courts have wide discretion to fashion non-pattern instructions that "fairly and accurately" summarize the law. *See United States v. Lawrence*, 788 F.3d 234, 245 (7th Cir. 2015); *see also Cote*, 504 F.3d at 687 ("We give the district court substantial discretion with respect to the precise wording of jury instructions so long as the final result, read as a whole, completely and correctly states the law"); *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). A party is also entitled to instructions that support their case-theory if: (1) the instruction provides a correct statement of the law; (2) the theory is supported by the evidence; and (3) the failure to include the instruction

14

would deprive the party of a fair trial. *Id.* Accordingly, the government anticipates submitting instructions that define and explain the legal principles that are consistent with its theory of the case.

### 4. The Entrapment Defense in Enticement Cases

An affirmative defense that defendants often try to raise in cases arising from undercover enticement "sting" operations is entrapment. The government at this point has no idea whether Parrish is planning to advance this affirmative defense. If he does plan to advance it, the government opposes it and asks the Court to construe this section of this memorandum as a motion in limine to preclude Parrish from raising the entrapment defense. The government believes that Parrish cannot assert the entrapment defense because he cannot legally establish sufficient government inducement of the offense.

For many years, the law of entrapment in the Seventh Circuit, by the Court's own admission, was a confusing muddle of conflicting cases and doctrines. *United States v. Mayfield*, 771 F.3d 417, 424 (7th Cir. 2014). The en banc *Mayfield* court attempted to resolve the Court's "conflicting signals about the substance of the defense, the procedure for raising and presenting it, and the quantum of evidence necessary to get the issue before the jury." *Id.* The *Mayfield* court reiterated the long-standing entrapment law doctrine that a defendant claiming entrapment must first proffer evidence in support of **both** elements of entrapment: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant to engage in criminal conduct. *Id.* at 440.

The Court also endeavored to provide "clarity and consistency" to the definition of inducement. *Id.* at 434–35. It held that inducement means more than mere government solicitation of the crime. *Id.* The Court held that the "fact that government agents initiated contact with the defendant, suggested the crime, or furnished the ordinary opportunity to commit it is insufficient to show inducement. *Id.* Instead, inducement means government solicitation of the

15

crime ***plus*** some other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts. *Id.* The "other conduct" may be repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship, or any other conduct by government agents that creates a risk that a person who otherwise would not commit the crime, if left alone, will do so in response to the government's efforts. *Id.* In other words, if an ordinary, law-abiding citizen could have resisted the government's efforts, the inducement prong fails and a defendant cannot pursue the defense. *Id.* at 434-435.

With regard to the predisposition element, the *Mayfield* court concluded that a defendant is predisposed to commit the charged crime if he was ready and willing to do so and likely would have committed it without the government's intervention, or actively wanted to but hadn't yet found the means. *Id. at* 438. The defendant's predisposition is measured at the time the government first proposed the crime, but the nature and degree of the government's inducement and the defendant's responses to it are relevant to the determination of predisposition. *Id.* A prior conviction for a similar offense is relevant but not conclusive evidence of predisposition; a defendant with a criminal record can still be entrapped. *Id.*

Because entrapment is a fact question on which the government bears the burden of proof, a defendant is entitled to a jury instruction on the defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* at 440. The *Mayfield* court reaffirmed prior Seventh Circuit law and held that to obtain a jury instruction and shift the burden of disproving entrapment to the government, a defendant must proffer evidence on both elements of the defense. *Id.* An entrapment instruction is warranted if the defendant proffers "some evidence" that the government induced him to commit the crime and he was not predisposed to commit it. *Id.* The Court further explained that "[a]lthough more than a scintilla of evidence of

16

entrapment is needed before instruction on the defense becomes necessary, a defendant need only point to evidence in the record that would allow a rational jury to conclude that he was entrapped." *Id.*

As a general rule, entrapment is usually a question for the jury, not the court. *Id.* at 439. The Court recognized, however, that the entrapment question is sometimes amenable to pre-trial resolution on a party's motion, particularly where the government raises a sufficient challenge to the inducement prong of the entrapment inquiry. *Id.* at 441[1]. Consequently, if the government can show it did nothing more than solicit the crime on standard terms, then the trial court should deem the entrapment defense unavailable as a matter of law. *Id.*

Here, Parrish cannot offer any evidence that the government induced him to commit the offense of enticement because he robustly engaged in ongoing efforts to obtain "Halle's" assent to engage in sexual activities. The entirety of the government's pre-arrest encounter with Parrish is reflected in this memorandum at pages 2-7. A review of that encounter reveals that the government agent posed as a 15-year-old girl willing to engage in sex with Parrish. An ordinary, law-abiding citizen could have easily resisted the government's efforts. After "Halle" told Parrish that she was 15, the only reluctance that Parrish showed was based not on any qualms about inducing or encouraging "Halle" into agreeing to have sex. Rather, to the extent Parrish expressed any hesitation at all, it was only regarding whether "Haley's" parents were home and whether she had "nosey neighbors." [sic]. *See supra* at 5-6. Even if the Court is willing to accept the proposition that the government agent solicited the crime in this case, there is none of the "*plus*" that the *Mayfield* court identified as a necessary predicate for a defendant to sustain the inducement prong of entrapment as a matter of law. *See Mayfield*, 771

---

[1] The *Mayfield* court recognized that the predisposition prong rarely will be susceptible to resolution as a matter of law because the predisposition question is "quintessentially factual" and it is hard to imagine how a particular person could be deemed "likely" to do something as a matter of law. *Id.* The *Mayfield* Court found the inducement inquiry, on the other hand, more appropriate for pretrial resolution. *Id.*

F.3d at 434-435.  Here there is no other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts.  *Id.*  There are no repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship, or any other conduct by government agents that creates a risk that a person who otherwise would not commit the crime if left alone will do so in response to the government's efforts.  *Id.*  Accordingly, the inducement prong of any potential entrapment defense in this case fails and entrapment is not a defense that is legally available to Parrish.

        Respectfully submitted,

        STEVEN D. WEINHOEFT
        United States Attorney

        s/ *Laura V. Reppert*

        LAURA V. REPPERT
        Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, IL  62208
        Telephone: (618) 628-3700
        Fax:  (618) 618-3720
        E-mail:  Laura.Reppert@usdoj.gov

        s/ *David D. Dean*

        DAVID D. DEAN
        Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, IL  62208
        Telephone: (618) 628-3700
        Fax:  (618) 618-3720
        E-mail: David.Dean@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, I caused to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the attorneys of record.

/s/ *Laura V. Reppert*
LAURA V. REPPERT