IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    Case No. 3:20-CR-30088-NJR

ANTHONY D. PARRISH,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are the motions *in limine* filed by the Government (Doc. 43) and Defendant Anthony D. Parrish (Doc. 45), as well as a motion for disclosure of grand jury testimony (Doc. 46) and other requests within the trial memorandum filed by the Government (Doc. 42). The Court rules as follows.

### I.    Legal Standard

A federal district court's authority to rule on motions *in limine* is derived from its inherent authority to manage the course of a trial. *D.W.K. v. Abbott Labs., Inc. (In re Depakote)*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions perform a gatekeeping function by allowing a trial judge to eliminate evidence "that clearly ought not be presented to the jury" because it would be inadmissible for any purpose. *Jonasson v.*

*Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

As these rulings are preliminary, a federal district court reserves the power to make evidentiary rulings as a trial progresses and remains free to revisit or alter its earlier disposition of a motion *in limine. See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013); *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## II.    Government's Motion *in Limine* (Doc. 43)

The Government moves *in limine* to preclude Parrish from eliciting testimony regarding the identity of a non-testifying confidential source. During the investigation that led to Parrish's arrest, an undercover agent of the Federal Bureau of Investigation ("FBI") exchanged email messages with Parrish posing as a 15-year-old girl. The FBI agent used an adult female as a confidential human source ("CHS") to provide pictures during the communication. The CHS did not participate in the investigation or communication with Parrish, she only provided pictures for use by the FBI. The Government does not intend to call the CHS as a witness. Parrish never requested that the Government disclose the identity of the CHS, and he agrees that there is no relevance to the CHS's identity. Parrish, further, has no intent of inquiring about the CHS's identity at trial.

Thus, the Court **GRANTS** the Government's motion *in limine*, and testimony regarding the identity of the non-testifying CHS is barred.

## III.    Government's Motion for Disclosure of Grand Jury Testimony to Defense (Doc. 46)

The Government seeks permission from the Court to disclose Special Agent Jake

Frechette's grand jury testimony to the defense in anticipation of trial in order to comply with its obligation under the Jencks Act and pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). Special Agent Frechette may be called as a witness during trial. Under Rule 6(e)(3)(E)(i), a court may grant disclosure of grand jury material at the request of a prosecutor for use in an official criminal proceeding.

The Court finds that disclosure is appropriate and **GRANTS** the Government's motion. The Government, to comply with the Jencks Act and pursuant to Rule 6(e)(3)(E)(i), may provide defense counsel with Special Agent Frechette's grand jury testimony. Defense counsel shall not copy or disseminate the transcript in any manner and shall return it to the United States Attorney's Office at the conclusion of trial.

**IV.    Defendant Anthony D. Parrish's Motion *in Limine* (Doc. 45)**

Parrish asks the Court for an order prohibiting the Government from using evidence of his prior criminal convictions to impeach him at trial. Parrish provided a list of six prior criminal convictions from 2005 to 2015 relating to driving under the influence, possession of cannabis, possession of a controlled substance, and leaving the scene of an accident. Parrish argues that his misdemeanor convictions do not include any element relating to a dishonest act or false statement and, thus, are not admissible for impeachment under Federal Rule of Evidence 609(a)(2). Additionally, Parrish contends that the probative value of his 2007 plea to a felony (possession of a controlled substance) does not substantially outweigh the prejudicial effect of its admission. The Government does not intend to impeach Parrish with his prior offenses so long as Parrish does not "open the door" to his criminal history (Doc. 48).

Rule 609 allows admission of prior criminal convictions, subject to Rule 403, for the purpose of impeaching a witness's character for truthfulness. A conviction is generally admissible if it involves a dishonest act or false statement, regardless of its classification as a misdemeanor or felony. FED. R. EVID. 609(a)(2). For felony offenses, a criminal conviction can be admitted for impeachment against a criminal defendant only if the probative value of the evidence outweighs its prejudicial effect to the defendant. FED. R. EVID. 609(a)(1)(B). When over ten years have passed from the date of conviction or release from confinement, whichever is later, the conviction's probative value must substantially outweigh its prejudicial effect for admission. FED. R. EVID. 609(b)(1). Moreover, when the conviction is older than ten years, the proponent must provide written notice of intent to use the conviction to the adverse party. FED. R. EVID. 609(b)(2).

The Court agrees with Parrish that his underlying non-felony offenses are not admissible for impeachment under Rule 609(a)(2). Further, the probative value of Parrish's plea to a felony offense does not outweigh its prejudicial effect, especially considering the conviction is over ten years old.

Accordingly, the Court **GRANTS** Parrish's motion *in limine*, and the Government is prohibited from introducing evidence of his criminal convictions for impeachment. Regarding the Government's response, any determination of whether Parrish or his counsel "opens the door" to his criminal history will be made during trial.

## V. The Government's Proposed Redactions of Anthony Parrish's Audio Recorded Statement

In its trial brief, the Government states its intention to submit a redacted version

of Anthony Parrish's audio recorded statement at trial and requests a pretrial ruling on its proposed redactions.[1] The Government argues that these redactions are necessary and appropriate because some statements are off-topic and irrelevant, and some are exculpatory. Under Federal Rules of Evidence 401 and 402, the Government argues that the irrelevant statements are barred. And under Rules 801 and 802, the Government argues that the exculpatory statements are inadmissible hearsay.

Parrish responded to the proposed redactions[2] (Doc. 49). Parrish acknowledges that the Government can choose how it presents its case, including the playing of his recorded statement, but he argues that Rule 106 (an expression of the rule of completeness) requires the Government to play additional portions of his statement to avoid fundamental unfairness.

The Government is correct that the statements made by Parrish constitute hearsay. Hearsay means a statement that one made, not while testifying at the current trial or hearing, that a party offers in evidence to prove the truth of the matter asserted. FED. R. EVID. 801(c). Parrish's statement to law enforcement officials constitutes hearsay. The Government is also correct that Parrish's inculpatory statements fall under an exclusion to the hearsay rule set out in Rule 801(d)(2)(A), which provides that a statement is not hearsay if it is offered against a party and is the party's own statement. Exculpatory statements, however, are treated differently and do not fall under the same exclusion. Usually, a defendant's self-serving, exculpatory out-of-court statements are inadmissible.

---

[1] A transcript of Parrish's audio recorded statement is attached to the trial brief as an exhibit, and the Government's proposed redactions are highlighted in yellow (Doc. 42-1).
[2] Parrish's objections to the redactions are contained in his responsive brief labeled (a) to (f) (Doc. 49).

*United States v. Haddad,* 10 F.3d 1252, 1258 (7th Cir. 1993). As such, a court must examine a defendant's statement to separate any exculpatory statements from the inculpatory statements and exclude exculpatory statements. *United States v. Ferrell,* 816 F.3d 433, 439 (7th Cir. 2015). But the self-inculpatory statements may not be severed from their context in a way that alters the meaning of the statements, especially where the remarks are part and parcel of the very statement the Government properly brings before the jury. *Ferrell,* 816 F.3d at 439; *Haddad,* 10 F.3d at 1258.

Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." The Advisory Committee notes to Rule 106 state that the rule is rooted in two considerations: the misleading impression created by taking matters out of context, and the inadequacy of repair work when delayed to a point later in the trial.

Under the doctrine of completeness, the defendant's complete statement is required to be read or heard when it is relevant and necessary to "(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Sweiss,* 814 F.2d 1208, 1211-12 (7th Cir. 1987); *see also United States v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992).

In his response to the Government's proposed redactions, Parrish identifies six sections that he opposes. He argues that redacting the proposed sections misleads the jury by taking his statements out of context. Parrish further asserts that many of the redacted portions are qualifying phrases and are necessary to explain the totality and

intent of Mr. Parrish's statements. The Court agrees. The exculpatory statements made by Parrish may explain and qualify the inculpatory statements and more accurately convey his intent and provide context for the trier of fact.

In fairness and to avoid misleading the jury, the Court **SUSTAINS** Parrish's objections to the Government's proposed redactions. The Government should modify its redaction of Parrish's statement to include the redacted portions to which Parrish objected.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Government's Motion *in Limine* (Doc. 43) and Motion for Disclosure of Grand Jury Testimony (Doc. 46). The Court also **GRANTS** Parrish's Motion *in Limine* (Doc. 45). The Court **SUSTAINS** Parrish's objections to the Government's redacted transcript of Anthony Parrish's audio recorded statement (Doc. 49).

**IT IS SO ORDERED.**

**DATED:   February 24, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**