## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:20-CR-30088-NJR** |
| **ANTHONY D. PARRISH,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

During trial, Defendant Anthony D. Parrish orally raised and argued a Motion for Mistrial and Motion for Judgment of Acquittal. The Court took the motions under advisement and ordered further briefing as to both. On April 1, 2022, Parrish filed a post-trial brief in support of both motions (Doc. 67). The Government subsequently filed a responsive brief (Doc. 68).

On July 23, 2020, Parrish was charged, in an indictment, with one count of Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b) (Doc. 14). After a two-day trial, on March 2, 2022, a jury found Parrish guilty of the charge (Doc. 58). In his Motion for Mistrial, Parrish raises an issue with a trial witness's testimony and demeanor, which he believes provides a legally sufficient ground for declaring a mistrial. Additionally, Parrish argues that the evidence presented by the Government, as a whole, was not sufficient to demonstrate two elements of the charged offense warranting a judgment of acquittal.

## FACTUAL BACKGROUND

During the summer of 2020, the Federal Bureau of Investigation coordinated an operation wherein undercover agents posed as minors online looking to engage in sexual activity (Doc. 63, pp. 19-20, 56). As a part of this effort, the undercover agents posted personal ads in the "Missed Connections" section of Craigslist (*Id.* at pp. 17, 19, 38).

In response to one of these posts, Parrish began communicating with an undercover agent, Special Agent Brian Wainscott, posing as "Halle" (*Id.* at p. 25). Through an online message, "Halle" told Parrish that she was 15 years old (*Id.* at p. 28: 23). The undercover agent also sent a picture of "Halle," which was an age-regressed photo of a female Confidential Human Source (*Id.* at p. 39). The conversation was sexual in nature, before and after "Halle" disclosed her age. As the discussion progressed, Parrish coordinated a meet up. When Parrish arrived at the designated location, he was arrested by law enforcement agents (*Id.* at p. 33). After his arrest, he was interviewed by Special Agent Anthony Wright and Deputy Shannon Champion. That interview was recorded.

In preparation for trial, the Government proposed a redacted version of the audio recording and transcript of Parrish's post-arrest interview. The Government sought to exclude certain exculpatory statements and irrelevant casual conversation (Doc. 42). Parrish objected to several of the redactions under Federal Rule of Evidence 106 (Doc. 49). The Court sustained Parrish's objections and instructed the Government to modify its redaction to include the portions to which Parrish objected (Doc. 50).

The Government called Deputy Champion as a witness to provide foundation before playing the audio-recorded statement. On direct examination, the Government

asked Deputy Champion, "Other than some edits that have been made to it, is it fair and accurate of the conversation that you had with Defendant on June 27 of 2020?" (Doc. 63, p. 76). Deputy Champion answered in the affirmative (*Id.*). Before trial, the Government submitted a limiting instruction regarding the redactions, which the Court read to the jury prior to playing the audio recording. The Court instructed: "[T]his recording you are about to hear has been edited pursuant to rulings of this Court. You are not to consider the fact that the recording has been edited in evaluating the evidence." (*Id.* at p. 77: 20-23). After the recording played, the Government concluded its direct examination of Deputy Champion (*Id.* at p. 78).

On cross examination, defense counsel questioned Deputy Champion about specific content within the interview. Deputy Champion continued to reiterate that Parrish, during the interview, admitted he was speaking with someone on Craigslist who was 15 years old. She also discussed her impression of the interview instead of quoting Parrish's actual phrasing from the transcript (*Id.* at pp. 89-90). In response, defense counsel attempted to point to Parrish's statements that he "didn't know who it was going to be" when he came to the house and that he "thought she was 27 years old" (*Id.*). Deputy Champion then contended that he averred those statements at the beginning of the interview (*Id.* at p. 91). The following exchange occurred:

> Q: So, you are putting a lot of emphasis on your opinion of Mr. Parrish's conversations rather than the actual words that he used. He said during the conversation, "I thought this person was 27," right?
>
> A: He said that at the beginning of the conversation when we first started our investigation.

Q: Well, if you will refresh your recollection, he actually says that on page eight of the conversation, is that right?

A: Yes, ma'am. Yeah, I didn't look to see. I presume it's on page eight. If you say it is, it is.

Q: Well, the transcript is 17 pages long, is that right?
…
A: Yes, ma'am, 17 pages.

Q: So, on page eight he says that he thinks she was like 27, is that correct?

A: He said he kind of believed—when he looked at the pictures he kind of thought she might have been 27, and that was pretty much at the beginning of the interview.

Q: It's on page eight, isn't it?

A: Yes, ma'am.
…
A: It says he thought she might have been 27 in there.

Q: So, I'm going to ask the question. The question is, on page eight of the transcript did he say that he figured she was 27?

A: Yes, ma'am.

Q: And the transcript is 17 pages long?

A: But, in all respect, this is redacted. This conversation was much longer than what we have on this paper.

Q: Is the transcript 17 pages long?

A: The one we have in our possession, yes, ma'am. But the conversation amounted to much more than this.

(*Id.* at pp. 90-92).

After Deputy Champion's testimony, the Court reiterated to the jury, "again I will

just remind you of the instruction that I gave you earlier that you are not to consider the

fact that the recording has been edited in evaluating the evidence, so we don't want to get lost into that" (*Id.* at p. 94: 19-23). Based on this witness's testimony, Parrish moved for a mistrial and requested that the Court read a limiting instruction (Doc. 64, pp. 110-112). At the beginning of the second day of trial, the Court instructed:

> "[T]he audio-recording you heard yesterday towards the end of the day was edited by the Court pursuant to applicable law. So, it's very important to me that you only hear relevant evidence, that is evidence that is relevant for you to decide the facts of the case. We don't want to waste your time, as I told you. So, things that aren't relevant get taken out, because I don't want you to hear things that are unnecessary, because otherwise you could be here for a much longer time. So, Deputy Champion's opinions about the Court's rulings are stricken from the record and you are instructed to disregard them and give them no weight in your deliberations."

(*Id.* at pp. 124-25).

Shortly thereafter, Parrish testified in his own defense (*Id.* at p. 125). He stated that based on the picture sent by "Halle," he believed the woman was in her late twenties, possibly 27 (*Id.* at p. 133). Parrish asserted that he went to the meet-up to assess the situation, because based on the photo and language used in the Craigslist ad, for example, "shared experiences" or "looking for a fun, discreet time," he did not believe he would be meeting a teenager (*Id.* at pp. 147-48). He emphasized that he intended to ask for identification, and, if "Halle" was indeed a minor, he intended to leave (*Id.* at p. 148).

When the Government rested its case, Parrish made a Motion for a Judgment of Acquittal (*Id.* at pp. 120-21). At the close of all evidence, Parrish renewed his motion, which the Court took under advisement ordering further briefing (*Id.* at p. 161). The case was submitted to the jury, and upon deliberation, a guilty verdict was returned (Doc. 58).

MOTION FOR MISTRIAL

## I.     Legal Standard

Under Federal Rule of Criminal Procedure 33, a defendant may move for a new trial. FED. R. CRIM. P. 33. Upon review, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). A new trial may be warranted where "there is a reasonable possibility that the trial error had a prejudicial effect on the jury's verdict." *United States v. Flournoy,* 842 F.3d 524, 530 (7th Cir. 2016) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996)). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Lawrence*, 788 F.3d 234, 243 (7th Cir. 2015); *see also United States v. Collins*, 604 F.3d 481, 489 (7th Cir. 2010) ("a mistrial is appropriate when an event during trial has a real likelihood of preventing a jury from evaluating the evidence fairly and accurately, so that the defendant has been deprived of a fair trial").

Such a decision is within the sound and broad discretion of the trial court, as it is best positioned to determine the seriousness of any incident while considering the context of the entire trial. *United States v. Miller,* 199 F.3d 416, 421 (7th Cir. 1999). This exercise of discretion includes determining whether a curative instruction, rather than declaring a mistrial, can prevent any possible prejudice. *See United States v. Curry,* 538 F.3d 718, 728 (7th Cir. 2008); *see also United States v. McClellan*, 868 F.2d 210, 217 (7th Cir. 1989). Rule 33 confers a power that should be reserved for only the most "extreme cases." *United States v. Linwood,* 142 F.3d 418, 422 (7th Cir. 1998) (quoting *United States v. Morales,* 902 F.2d 604, 606 (7th Cir. 1990)).

II.     **Analysis**

Parrish argues that Deputy Champion's testimony about the redacted post-arrest interview paired with her demeanor during cross examination undermined the evidence, ignored rulings of the Court, and created an inference that defense counsel was untrustworthy. He contends that cautionary instructions were an inadequate remedy, and Deputy Champion's inappropriate testimony deprived him of a fair trial. Conversely, the Government argues that Parrish received a fair trial in spite of, and including, Deputy Champion's testimony.

First, Parrish asserts that Deputy Champion's answers during cross examination were non-responsive and infused with her own opinion of Parrish's motivations. Moreover, Parrish claims that Deputy Champion strongly implied that the unredacted statement would corroborate her definitive assertions that Parrish believed "Halle" was, in fact, 15 years old. On the other hand, the Government asserts that the Court repeatedly instructed the jury to disregard the fact that the recording and transcript had been edited, which sufficiently cured any improper comments made by Deputy Champion. According to the Government, defense counsel also invited Deputy Champion's testimony about redaction and, as such, the testimony was not actually improper.

As an initial matter, the Court finds that the instructions read to the jury concerning redaction of the audio-recorded statement and transcript, once before and twice after Deputy Champion's testimony, sufficiently cured any improper statements or inferences. A presumption exists that jurors follow limiting and curative instructions to disregard certain evidence unless the matter improperly before them is "so powerfully

incriminating that they cannot reasonably be expected to put it out of their minds."
*See United States v. Garvey,* 693 F.3d 722, 726 (7th Cir. 2012).

Deputy Champion's assertion that the interview was redacted was not "so powerfully incriminating" that jurors could not reasonably disregard it. This information did not shock the jury. The Court provided a limiting instruction about the redactions before the audio-recording was played. The two curative instructions after Deputy Champion's testimony also reemphasized that jurors were not to consider the fact that the interview was redacted as any edits were made pursuant to the Court's orders and applicable law. The Court also reassured the jury of the purpose behind the redactions—to ensure presentation of only relevant evidence and conserve the jury's time. Further, the jury could hear the audio interview and read the accompanying transcript to see exactly what Parrish said regardless of Deputy Champion's characterizations of his statement. As such, the Court cannot find that the testimony was "so powerfully incriminating" that jurors could not reasonably remove it from their minds.

The Government's argument that defense counsel invited the testimony also has merit. In response to Deputy Champion's assertion that Parrish made the statement, "I thought she was 27 years old" at the beginning of the interview, defense counsel attempted to show that this statement actually occurred on page eight of the 17-page transcript. Of course, the 17-page transcript was redacted and did not accurately depict the entirety of the conversation in terms of where specific statements occurred. The Court is persuaded that, in pursuing this line of questioning, defense counsel opened the door for Deputy Champion to mention that the interview was longer than reflected in the

transcript. In any event, even if counsel did not invite these comments, the curative instructions sufficiently corrected any improper testimony.

According to Parrish, Deputy Champion also conveyed disdain towards defense counsel through her demeanor, body language, and gesticulations. Parrish argues that defense counsel is entitled to advocate without being disparaged in front of the jury. The Government contests the notion that a witness's demeanor is a legitimate ground for mistrial, especially considering Deputy Champion did not verbalize any criticism towards defense counsel while testifying.

The Court agrees that defense counsel has a right to advocate without being disparaged in front of the jury. During this trial, however, no such disparagement occurred. While Deputy Champion shared her own characterizations of Parrish's intentions and responded somewhat flippantly during cross examination, she did not say anything disrespectful about defense counsel. Parrish asserts that Deputy Champion insinuated that defense counsel was untoward in editing the post-arrest interview. As addressed above, the limiting and curative instructions informed the jury that the Court allowed the redaction for relevancy and efficiency, not for an ulterior motive. Further, the case law that Parrish relies on involves judicial and prosecutorial disparagement of defense counsel, which is a far more extreme scenario than a disrespectful or discourteous witness. *See United States v. Dellinger,* 472 F.2d 340, 389-91 (7th Cir. 1972). Uncooperative or even rude witnesses are not uncommon, and such conduct alone, here, is not enough to warrant a mistrial. *See United States v. Wilson*, 237 F.3d 827, 836 (7th Cir. 2001).

Consequently, Parrish's motion for a new trial is denied.

MOTION FOR JUDGMENT OF ACQUITTAL

## I.     Legal Standard

"[T]he Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). Evidence is insufficient to sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, "no rational juror could find guilt beyond a reasonable doubt." *United States v. Morris*, 576 F.3d 661, 666 (7th Cir. 2009); *see also United States v. Doody,* 600 F.3d 752, 754 (7th Cir. 2010) (stating that the inquiry is "whether evidence exists from which any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt"). The Seventh Circuit has characterized the movant's burden under Rule 29 as "nearly insurmountable." *United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014); *see also United States v. Price,* 28 F.4th 739, 752 (7th Cir. 2022).

The Court must be mindful that the jury has the exclusive function of determining the credibility of witnesses, resolving evidentiary conflicts, and drawing reasonable inferences. *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989) (quoting *United States v. Marquardt*, 786 F.2d 771, 780 (7th Cir. 1986)). In other words, a court should not "reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009).

## II.    Analysis

In order to substantiate the charge of attempted enticement of a minor, the Government must prove the following elements beyond a reasonable doubt: (1) the defendant used a facility or means of interstate commerce to knowingly entice an

individual to engage in sexual activity; (2) the defendant believed that the individual was less than 18 years of age; (3) if the sexual activity had occurred, the defendant would have committed a criminal offense; and (4) the defendant took a substantial step toward committing the crime of enticement of a minor with the specific intent to commit that offense. 18 U.S.C. § 2422(b); *see United States v. Cochran*, 534 F.3d 631, 633-34 (7th Cir. 2008); *see also United States v. Cote*, 504 F.2d 682, 686 (7th Cir. 2007). Parrish argues that the Government failed to prove that he attempted to entice any person under 18 years of age and that he attempted to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity.

Parrish claims that the Government did not present sufficient evidence that would enable any rational jury to find, beyond a reasonable doubt, that he subjectively believed the person he emailed was a minor. In support of this argument, he points to his post-arrest interview where he told law enforcement agents that he thought "Halle" was 27 years old. Parrish states that, even looking at their messages, it is unreasonable for a jury to conclude that the emailer was actually a minor. Parrish emphasizes that the picture of "Halle" was actually an age-regressed photo of woman who was about 30 years old. He testified that he thought the person in the photo looked to be at least in her twenties. Moreover, he argues the language used in the Craigslist ad and during their messages was outside the normal parlance of a teenager (specifically, phrases like "looking for real connections who like to share experiences" and "a lady looking for a fun, discreet time").

At trial, the Government produced evidence that during their online

communications, "Halle" told Parrish she was 15 years old. After receiving this information, Parrish told her that he appreciated her bravery in revealing her age and wanted to continue talking with her. He then asked if she lived with her parents, if she was home alone, and if she had nosy neighbors. Parrish also said, "I just turned 33 last month, hate me? I hope you still want to talk to me." In his post-arrest interview, Parrish conceded multiple times that "Halle" said she was a minor and that his communications regarding parents and nosy neighbors reflected his knowledge of that fact. The Government also argues that the age-regressed photo of "Halle" could convince the jury that Parrish believed he was talking with a minor.

Essentially, Parrish is asking the Court to reweigh the evidence. Simply put, the Court cannot do so. That power is strictly within the province of the jury. The Government offered ample evidence that Parrish thought the person he messaged was a minor. Through his testimony and post-arrest interview, Parrish offered evidence that he believed "Halle" to be in her twenties. The jury weighed the evidence and came to a conclusion—a reasonable one.

In his remaining argument, Parrish asserts that the Government did not prove that he acted to overcome the will of "Halle" to engage in sexual activity, which is necessary to substantiate the element of attempting to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity. Parrish argues that the undercover agent acting as "Halle" cultivated the sexual undertones of the conversation through the language in his messages and by sending an unsolicited photo. The undercover agent also reengaged Parrish after the conversation stalled and steered the conversation towards sexual topics.

In doing so, Parrish claims that the undercover agent represented "Halle" as willing and interested in sexual activity. As such, Parrish argues that no evidence presented could enable a jury to find that Parrish attempted to transform or overcome the will of "Halle," when she appeared to seek a sexual encounter from the beginning of their messages.

Countering this argument, the Government maintains that it is enough to prove that Parrish attempted to gain the assent of a minor to engage in sexual activity, not that "Halle" was a reluctant or unwilling participant. The Government argues that, based on Parrish's willingness to continue chatting with "Halle" after she revealed her status as a minor, his encouraging remarks when she disclosed her age, and his inquiry into whether she was looking to gain sexual experience, a jury could reasonably find Parrish took a substantial step towards causing "Halle" to assent to sexual activity. In addition to those messages, the Government states that Parrish coordinated to meet with "Halle" at her home which also demonstrates his attempt to persuade a minor to engage in sexual activity.

The charge of attempted enticement of a minor, under Section 2422(b), criminalizes the persuasion, inducement, or coercion of the minor, or someone believed to be a minor, rather than the sex act itself. *United States v. Berg*, 640 F.3d 239, 251 (7th Cir. 2011) (internal quotations omitted). The Seventh Circuit has held that Section 2422(b) proscribes an intentional attempt to achieve a minor's assent to sexual activity. *Id.* at 252.

Again, the Court cannot reweigh the evidence. From the communications between Parrish and "Halle," enough evidence existed for a reasonable jury to conclude that Parrish transformed or overcame the will of "Halle" and caused "Halle" to assent to

sexual activity. Notably, minors lack the capacity to consent to sexual activity. *See United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009). "Halle," as a purported minor, cannot be said to have demonstrated a willingness to participate in sexual activity, even if her messages to Parrish were sexual in nature.

When viewed in the light most favorable to the Government, as the standard for a motion for judgment of acquittal dictates, the Court finds that the evidence presented was sufficient to sustain the conviction. Thus, Parrish's Motion for Judgment of Acquittal is denied.

CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Anthony Parrish's Motion for Mistrial and Motion for Judgment of Acquittal.

**IT IS SO ORDERED.**

**DATED:   June 14, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**